UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES – GENERAL

Case No. SACV 11-01920 DOC (JPRx)  Date: March 19, 2012

Title: TALAL SANNAH AND RIMA SANNAH V. WELLS FARGO BANK, N.A.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                             None Present

**PROCEEDING (IN CHAMBERS):   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

    Before the Court is a Motion to Dismiss filed by Defendant Wells Fargo Bank, N.A. ("Defendant"). (Dkt. 12). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing and replying papers, and for the reasons stated below, the Court GRANTS IN PART AND DENIES IN PART the Motion.

### I.     Background

    Plaintiffs Talal Sannah and Rima Sannah ("Plaintiffs") allege the following:

    Plaintiffs own real property in Orange California ("Property"). Compl. ¶ 8. Between January 2003 and December 2008, Plaintiffs borrowed money from the Defendant, or its subsidiaries, secured by a deed of trust on the Property. *Id.* at ¶ 9. Plaintiffs' loan eventually became a part of a mortgage-backed security titled CMLTI 2007-AR5 ("CMTLI"), for which Defendant was named the Trustee. *Id.* at ¶ 10-11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01920 DOC (JPRx)            Date: March 19, 2012

Page 2

---

Defendant was listed on the note as lender, but Defendant was a servicer, trustee or agent for the note on behalf of CMLTI. *Id.* at ¶ 12.

On June 4, 2009, Defendant started foreclosure proceedings by sending a Notice of Default to Plaintiffs. *Id.* at ¶ 13. On July 8, 2009, Defendant substituted trustees, but failed to send notice to Plaintiffs. *Id.* at ¶ 14. On July 17, 2009, Defendant transferred the deed and note from itself to U.S. Bank, with U.S. Bank acting as the new trustee and/or servicer. *Id.* at ¶ 16. On August 4, 2010, Defendant rescinded the Notice of Default and foreclosure. *Id.* at ¶ 17. Defendant then initiated new foreclosure proceedings on September 3, 2010, on behalf of CMLTI. *Id.* at ¶ 18. Prior to sending out the Notice of Default, Defendant failed to contact Plaintiffs to assess Plaintiffs' financial situation and explore options for the Plaintiffs to avoid foreclosure. *Id.* at ¶ 56. As of the date Plaintiffs' Complaint was filed, Plaintiffs' allege that their Property is in foreclosure, and that Defendant has scheduled a trustee sale. *Id.* at  ¶ 45.

Plaintiffs sent to Defendant a Qualified Written Request ("QWR"), dated August 9, 2011, but Defendant failed to reply. *Id.* at ¶ 49-51; Compl. Ex. C. Plaintiffs allege that they qualify for a qualified loan mitigation plan, which includes a residential loan modification, workout, or other loss mitigation plan. Compl. ¶ 25.

Plaintiffs filed the present civil action bringing the following three causes of action against Defendant: (1) Violation of California Business and Professions Code § 17200; (2) Breach of Contract; and (3) Declaratory Relief. Plaintiffs allege that, as a result of Defendant's actions, Plaintiffs have suffered increased mortgage payments, penalties and loss of their credit ratings. *Id.* at ¶ 64.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts that, when taken as true, allow a court to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01920 DOC (JPRx)                              Date: March 19, 2012
                                                                Page 3

draw a reasonable inference that the defendant is liable for the alleged conduct. *Id*. at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id*. Mere legal conclusions need not be accepted as true and do not establish a plausible claim for relief. *Id*. at 1950. Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the court to draw on its judicial experience and common sense. *Id*.

In evaluating a 12(b)(6) motion, review is limited to the contents of the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The Court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6). *Id*.

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.   Discussion

Defendant advances several arguments. First, Defendant attempts to dismiss Plaintiffs' entire Complaint under California's tender rule. Mot. 5. Second, Defendant argues that Plaintiff Rima Sannah's ("Rima") bankruptcy filing precludes her from bringing the present action because Rima did not disclose the current action to the Bankruptcy Court. Mot. 7. The Court does not find the tender rule or Defendant's bankruptcy argument applicable to the facts of this case.

Third, Defendant alternatively argues that because Plaintiffs' first cause of action is predicated upon Defendant's alleged violations of 12 U.S.C. § 2605 ("Section 2605"),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01920 DOC (JPRx)            Date: March 19, 2012
                                                                            Page 4

Cal. Civ. Code §§ 2923.5 ("Section 2923.5") and 2923.6 ("Section 2923.6"), it should fail because Defendant has not violated any of these regulations. Mot. 8. The Court, however, finds that Plaintiffs have pled sufficient facts to bring a California Business and Professions Code § 17200 ("Section 17200") cause of action.

       Fourth, Defendant argues, and the Court agrees, that Plaintiffs' second cause of action should be dismissed because Plaintiffs have not sufficiently pled facts to satisfy the elements of a breach of contract claim. Mot. 21.

       Finally, the Court finds that the availability of other forms of relief make Plaintiffs' third cause of action for declaratory relief unnecessary. The Court discusses each argument below.

### A. Tender Rule

       Defendant first argues that Plaintiffs' entire Complaint must be dismissed under California's tender rule. Mot. 5-7. Under the "tender rule," a plaintiff seeking to challenge the lawfulness of a foreclosure sale must first "allege tender" of the amount of the secured indebtedness. *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1986). Defendant argues that Plaintiffs' entire complaint should be dismissed because Plaintiffs have not alleged a valid and viable tender. Mot. 5. However, Defendant relies on distinguishable cases and more factually-analogous cases reach a contrary conclusion.

       Unlike in the present case, the authorities on which Defendant relies apply the tender rule to a foreclosure sale that occurred *before* the complaint was filed or address only whether the *form* of tender was valid. *See*, *e.g*., *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984) (involving a challenge to an already-concluded foreclosure sale); *United States Cold Storage v. Great Western Savings & Loan Assn.*, 165 Cal. App. 3d 1214, 1222 (1985) (deciding whether to require a junior lienholder to offer tender before setting aside a concluded foreclosure sale); *FPCI Re-Hab 01 v. E & G Invs.*, 207 Cal. App. 3d 1018, 1021 (1989) (involving a foreclosure sale that had already occurred); *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971) (same); *MCA, Inc. v. Universal Diversified Enterprises Corp.*, 27 Cal. App. 3d 170, 177 (1972) (same); *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003) (discussing what constitutes a proper offer and acceptance of tender); *Gaffney v. Downey*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01920 DOC (JPRx)            Date: March 19, 2012
                                                                                                  Page 5

---

*Sav. & Loan Assn*, 200 Cal. App. 3d 1154, 1165 (discussing what constitutes an offer of perfect tender).

In contrast, Courts within the Ninth Circuit have refused to extend the tender rule where, as here, the foreclosure sale has *not yet* occurred. *See Silva-Pearson v. BAC Home Loans Servicing, LP*, No. C 11-01491 SI, 2011 U.S. Dist. LEXIS 71639, at *2 (N.D. Cal. July 5, 2011) (refusing to apply the tender rule in part because a foreclosure had not yet occurred); *Howl v. Bank of Am., N.A.*, No. C 11-0887 CW, 2011 U.S. Dist. LEXIS 91698, at * 5 (N.D. Cal. Aug. 17, 2011) (refusing to apply the tender rule because Defendants had not identified any authority requiring Plaintiff to allege tender where a foreclosure sale had not yet occurred); *Hague v. Wells Fargo Bank, N.A.*, NO. C11-02366 THE, 2011 U.S. Dist. LEXIS 140122, at *15 (N.D. Cal. Dec. 6, 2011) ("Tender is not required in this case, as the foreclosure at issue has not yet occurred").

Because Defendant has failed to cite any authority showing that Plaintiffs must allege tender to assert claims brought *before* the foreclosure occurs, the Court rejects this argument.

**B. Plaintiff's Bankruptcy**

Defendant alternatively argues that Plaintiff Rima Sannah is estopped from bringing the present cause of action because it was filed before Rima's bankruptcy filing and Rima did not disclose the present action to the Bankruptcy Court. Mot. 7-8.

Some California courts have stated in sweeping terms that if a bankruptcy debtor fails to disclose "any litigation likely to arise in a non-bankruptcy context," California courts have held that the debtor is estopped from prosecuting that action later. *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602, 1610 (2011) (citation omitted); *see also Billmeyer v. Plaza Bank of Commerce*, 42 Cal. App. 4th 1086, 1091 (1995) ("[C]ourts that have considered the effect of a debtor's failure to disclose a potential lender-liability lawsuit in a bankruptcy proceeding have universally held that the debtor is equitably estopped . . . from bringing the action after confirmation of the bankruptcy reorganization plan.") (citation omitted).

However, even assuming this rule is correct, California courts also recognize an exception to this rule that is applicable here.  Where the bankruptcy court dismisses a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01920 DOC (JPRx)            Date: March 19, 2012
                                                                                     Page 6

Plaintiff's bankruptcy case because Plaintiff has not submitted a reorganization plan or the bankruptcy court has not confirmed a plan, "[s]uch a dismissal is intended to undo the bankruptcy case, as far as practical, and restore all property rights to the position in which they were found at the commencement of the case." *Gottlieb v. Kest*, 141 Cal. App. 4th 110, 141 (2006). Thus, estoppel does not bar a claim that should have been disclosed in bankruptcy if nothing that happened in the bankruptcy court affected any unpaid creditor's right to pursue the debtor. *Id.*

A review of the docket reveals that Plaintiff never filed a reorganization plan. *See* Reply Ex. A (Dkt. # 16). Because Plaintiff never filed a reorganization plan, the Court rejects Defendant's estoppel argument.

**C. Violation of California Business and Professions Code § 17200**

Plaintiffs' first cause of action alleges that Defendant has engaged in unlawful, unfair, and fraudulent business practices in violation of Section 17200. Compl. ¶ 46-57. Specifically, Plaintiffs argue that Defendant has violated Section 17200 because Defendant failed to comply with Section 2923.5, Section 2923.6, Section 2605 and TILA. *Id.*

The Unfair Competition Law ("UCL") provides that "unfair competition . . . include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code  17200. Because the statute is phrased in the "disjunctive," it is violated when there is *either* an unlawful, unfair, *or* fraudulent act or practice. *See Prata v. Super. Ct.*, 91 Cal. App. 4th 1128, 1137 (2001).

Defendant first argues that since Plaintiffs' UCL claim is predicated solely on alleged statutory violations, the claim fails because Plaintiffs have not sufficiently pled that Defendant violated any statutes. Mot. 20. Alternatively, Defendant argues that Plaintiffs' UCL claim fails because Plaintiffs have not alleged that they have suffered an injury-in-fact as a result of the alleged unfair competition. Mot. 21. The Court will address each argument below.

 **a. Statutory Violations**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01920 DOC (JPRx)                          Date: March 19, 2012
                                                                                          Page 7

Defendant argues that since Plaintiffs' Section 2923.5, Section 2923.6 and Section 2605 claims fail, Plaintiffs' Section 17200 cause of action predicated on these statutory violations fails as well. Mot. 20. Because the Court concludes in this Order that Plaintiffs have sufficiently pled a Section 2923.5 claim, the Court does not reach Defendant's other statutory arguments.

### i.      Section 2923.5

Defendant argues that Plaintiffs do not have a claim under California Civil Code Section 2923.5 because: (1) Section 2923.5 is preempted by federal law; or (2) Plaintiffs have already received the benefits of Section 2923.5. Mot. 8-9. The Court will address each argument below.

Preemption

Defendant argues that because Defendant is a National Association which is chartered by the Office of the Comptroller of the Currency ("OCC"), it is subject to a comprehensive scheme of federal regulations which preempt any state law purporting to regulate the same activities. Mot. 11. Specifically, Defendant argues that Section 2923.5 is preempted by the National Bank Act, 12 U.S.C. 21 et seq. ("NBA"), and its associated regulations promulgated by the OCC. *Id.*

Defendant cites one district court case that has held that Section 2923.5 is preempted by 12 C.F.R. § 34.4, an OCC regulation which interprets the NBA. *See Acosta v. Wells Fargo Bank, N.A.*, c 10-991 JF (PVT), 2010 U.S. Dist. LEXIS 50602, at *24 (N.D. Cal. May 20, 2010). In *Acosta*, the court analogized between NBA regulations and those of a different agency than the one here —the Office of Thrift Supervision ("OTS")—promulgated under a different statute than the one at issue here — the Home Owners Loan Act ("HOLA"). *Acosta*, 2010 U.S. Dist. Lexis 50602, at *24-25. Specifically, the court in *Acosta* found that 12 C.F.R. § 34.4 has language identical to HOLA's 12 C.F.R. § 560.2. *Id.* The court in *Acosta* concluded that the *NBA* preempts Section 2923.5 because several districts courts within the Ninth Circuit have determined that *HOLA* preempts Section 2923.5. *Id.*

A year after *Acosta*, however, the Ninth Circuit expressly refused to apply HOLA's preemption analysis to the NBA and instead held that the NBA does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01920 DOC (JPRx)            Date: March 19, 2012
                                                                                         Page 8

preempt certain California laws. *See Aguayo v. U.S. Bank*, 653 F.3d 912, 921-22 (9th Cir. 2011) ("[T]he Ninth Circuit agrees with courts that have refused to apply the Office of Thrift Supervision (OTS) preemption analysis when analyzing Office of the Comptroller of the Currency (OCC) regulations."). In *Aguayo*, the Court considered whether a California statute was preempted by 12 C.F.R. § 7.4008, the OCC regulation outlining which state laws affecting non-real estate lending are preempted in favor of federal law. *Id.* at 919. The Court rejected the district court's decision to apply the OTS/HOLA preemption analysis when holding that C.F.R. § 7.4008 preempted the California law. *Id.* at 922. The Court noted that while the OTS and the OCC regulations are similar in many ways, the OCC has explicitly avoided the broadest form of preemption, "field preemption," in its rulemaking and observed that Congress has not expressly granted the OCC field preemption. *Id.* at 922-923. The Court concluded that while the list of preempted state laws in 12 C.F.R. § 7.4008 and 12 C.F.R. § 560.2 are substantially similar, and "each regulation contains a 'savings clause' of state laws that are not preempted, Section 7.4008(e)(4) of the OCC regulation explicitly saves state laws regarding 'rights to collect debts.'" *Id.* at 923. As such, the Court refused to apply HOLA's 12 C.F.R. § 560.2 preemption analysis when dealing with the California law at issue and ultimately held that the NBA did not preempt the state statute. *Id.* at 928.

      Here, 12 C.F.R. § 34.4 has language nearly identical to that of 12 C.F.R. § 7.4008, the OCC regulation that the Ninth Circuit held did not preempt California law. *Compare* 12 C.F.R. § 34.4 ("(1) A national bank . . . (12) Rates of interest on loans.") *with* 12 C.F.R. § 7.4008 ("(1) A national bank . . . (10) Rates of interest on loans."). In fact, 12 C.F.R. § 34.4(b) has a savings clause identical to the one discussed by the Ninth Circuit in *Aguayo*. *See* 12 C.F.R. § 34.4(b). Since 12 C.F.R. § 34.4 and 12 C.F.R. § 7.4008 have nearly identical language and the Ninth Circuit refused to apply the OTS preemption analysis when determining whether 12 C.F.R. § 7.4008 preempts California law, this Court holds that 12 C.F.R. § 34.4 does not preempt Section 2923.5. Accordingly, Defendant's preemption argument is rejected.

Benefits of Section 2923.5

     Defendant's argument is unclear, but it appears to be that Defendant did not violate Section 2923.5 because Plaintiffs' QWR references "prior conversations with [Defendant's] customer services representatives." Mot. 18. *See also* Complaint Ex. C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01920 DOC (JPRx)            Date: March 19, 2012
                                                                                                  Page 9

---

Section 2923.5 is violated when a defendant "files a notice of default" less than "30 days after initial contact is made" with Plaintiff. Cal. Civ. Code 2923.5(a)(1). To satisfy Section 2923.5's contact requirement, the Defendant must contact the borrower in person or by telephone in order to assess borrower's financial situation and explore options for borrower to avoid foreclosure. Cal. Civ. Code 2923.5 (a)(2). Here, Plaintiffs allege that Defendant's Notices of Default were filed on June 4, 2009, and September 3, 2010. Plaintiffs contend that Defendant's contact was not timely under Section 2923.5. Compl. ¶ 62. Further, Plaintiffs allege that Defendant did not discuss foreclosure avoidance options with Plaintiffs. *Id.* Plaintiffs' reference to prior conversations with Defendant, at some point in time, does not refute Plaintiffs' allegation that the contact was untimely and improper. Accordingly, Defendant's argument that Plaintiffs' allegations are insufficient to support a claim that Defendant violated Section 2923.5 is rejected.

Conclusion

Because Plaintiffs have sufficiently pled a Section 2923.5 violation, the Court rejects Defendant's argument that Plaintiffs' Section 17200 cause of action should fail because Defendant has not violated any statute.

 b.  **Actual Injury**

Defendant next argues that Plaintiffs' UCL claim fails because Plaintiffs have not alleged that they have suffered an injury-in-fact as a result of the unfair competition. Mot. 21. The Court disagrees. Plaintiffs' Complaint alleges that they suffered increased mortgage payments, penalties, and loss of credit rating because of Defendants violation of Section 2923.5, one of the very violations on which Plaintiffs' UCL claim is predicated. *Id*. at § 64. These increased payments, penalties, and loss off credit rating are sufficient to plead an injury as a result of the unfair competition. Thus Defendant's argument that Plaintiffs have no injury fails.

 c.  **Conclusion**

The Court is not persuaded by Defendant's argument that Plaintiffs' first cause of action fails. As described above, Plaintiffs have validly pled a violation of Section 2923.5, one of the regulations upon which Plaintiffs' Section 17200 claim is predicated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01920 DOC (JPRx)            Date: March 19, 2012

                                                                            Page 10

Furthermore, Plaintiffs have sufficiently pled an injury as a result of Defendant's violation of Section 17200. Accordingly, Defendant's Motion to Dismiss Plaintiffs' First Cause of Action for violations of Section 17200 is DENIED.

### D. Breach of Contract

To state a claim for breach of contract under California law, a plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of contract; and (4) resulting damage. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010).

Defendant argues that Plaintiffs' Breach of Contract claim fails, in part, because Plaintiffs have not sufficiently pled performance or excuse for nonperformance of the contract. Mot. 21. The Court agrees. Plaintiffs' Complaint refers to the Deed of Trust as the contract between Plaintiffs and Defendant. *See* Compl. 61. Pursuant to the Deed of Trust, Plaintiffs were required to perform by paying Defendant periodic payments to satisfy the $ 999,999 loan secured by the Property. *See* Plaintiff Ex. A. Nowhere in Plaintiffs' Complaint do Plaintiffs allege that they performed. In their Opposition, Plaintiffs argue that there is no "contractual or statutory prerequisite of Plaintiffs' payment of money to obtain Defendant's performance of statutory and contractual foreclosure avoidance obligations." Opp'n 10. To the extent Plaintiffs are arguing that they are excused from nonperformance, this argument fails because the Court cannot determine from the Complaint what facts show excuse. *See Durell*, 183 Cal. App. 4th at 1367 (holding that excuse for nonperformance "must be pleaded specifically").

Because the Court does not find Plaintiffs' excuse of non-performance to be valid, Plaintiffs' Second Cause of Action for Breach of Contract is DISMISSED WITHOUT PREJUDICE.

### E. Declaratory Relief

Plaintiffs seek a judicial determination of Defendant's right to proceed with a non-judicial foreclosure on the property. Compl. ¶ 15. "It is well settled, however, that a declaratory judgment may be refused . . . where it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed therein." *McGraw-Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339, 343 (9th Cir. 1966).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01920 DOC (JPRx)            Date: March 19, 2012

Page 11

    The issue of whether Defendant can proceed with a non-judicial foreclosure of the Property can be determined in Plaintiffs' UCL cause of action. As such, a separate cause of action for declaratory relief is not warranted. Therefore, the Court DISMISSES Plaintiffs' Third Cause of Action for declaratory relief WITH PREJUDICE.

## IV.     Disposition

    For the foregoing reasons, the Motion to Dismiss is hereby GRANTED IN PART AND DENIED IN PART. Plaintiffs' Second Cause of Action alleging Breach of Contract is DISMISSED WITHOUT PREJUDICE. Plaintiffs' Third Cause of Action alleging Declaratory Relief is DISMISSED WITH PREJUDICE. As to Plaintiffs' Unfair Competition Claim, Defendant's motion to dismiss is DENIED.

    Any amended complaint shall be filed by March 30, 2012. The Court notes that if Plaintiff cannot cure the defects in the original complaint regarding the Second Cause of Action, the Court is not inclined to provide a second opportunity to amend that claim.

    The Clerk shall serve this minute order on all parties to the action.

MINUTES FORM 11
CIVIL-GEN                                                              Initials of Deputy Clerk: jcb